IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

AIMEE LEMOINE and JOSE RAUL
CORDOVA, as Assignees of MARK
GLASSMAN, Administrator Ad Litem
for the Estate of Mervle Plant,

       Plaintiff,

v.                                     Case No.: 9:14-cv-80694-WJZ

GEICO INDEMNITY COMPANY

       Defendant.

_____/

## GEICO INDEMNITY COMPANY'S UNOPPOSED MOTION TO PERMANENTLY SEAL OR DESTROY DOCUMENTS

       GEICO INDEMNITY COMPANY ("GEICO"), by and through undersigned counsel, hereby files its Motion to Seal Documents, and as grounds therefore, states the following:

       1.      On July 09, 2015, GEICO filed its First and Second Motion in Limine. [Doc. 65 and 66].

       2.      On July 27, 2015, Plaintiff filed her Response in Opposition to GEICO's First and Second Motion in Limine. [Doc. 91 and 92].  In support of their responses, Plaintiff attached a page from GEICO's claims manuals in redacted form, which were produced subject to a discovery confidentiality agreement.  [Doc. 91-1 and 92-1].

       3.      On August 29, 2015, Plaintiff filed an unopposed Motion to Seal Documents Pursuant to the Parties Discovery Confidentiality Agreement, wherein Plaintiff filed the aforementioned claims manual documents under Seal subject to the discovery confidentiality agreement which

provided, in pertinent part, that "any and all confidential materials produced by GEICO shall not be filed with the Court or disclosed to any Court personnel... However, if Plaintiff needs to file any confidential materials with the Court, Plaintiff shall file such materials under seal with the Court." [Doc. 97].

4.      Thereafter, the Court entered an Order granting Plaintiff's Motion to Seal the aforementioned documents until the conclusion of the case. [Doc. 112].

5.      On March 28, 2016, pursuant to this Court's Order denying all Motions in Limine without prejudice, Plaintiff re-filed their Responses to GEICO's First and Second Motion in Limine, which included the documents sealed by this Court. [Doc. 139 and 140-1]

6.      On June 6, 2016 this Court entered Final Judgment in favor of GEICO. [Doc. 189]. The Order for Final Judgment provided notice that after a year all sealed documents would be unsealed.

7.      As Plaintiffs filed GEICO's confidential materials subject to the terms of the Confidentiality Agreement, GEICO hereby moves this Court to enter an order requesting that the Clerk of Court to place Exhibit "A" of Plaintiffs' Response in Opposition to GEICO's First and Second Motion in limine [Doc. 91-1 and 92-1; 139 and 140-1] under permanent seal. Alternatively, GEICO requests that the Clerk be directed to either destroy the aforementioned documents or return them to undersigned counsel.

### MEMORANDUM OF LAW

Ongoing sealing of documents is justified by showing good cause. *Consejo De Defensa Del Estado De La Republica De Chile v. Espirito Santo Bank*, 2010 WL 2712093 at *1-2 (S.D. Fla. 2010).  Good cause standard is met by showing that: 1. The designated information is confidential;

and, 2. Disclosure of the designated information might be harmful. *Id*. The fact that a party produces confidential documents in reliance on confidential protection weighs in favor of ongoing seal. *In re Denture Cream Products Liability Litigation*, 2013 WL 214672 (S.D. Fla. 2013).

The Southern District Court has adopted a broad definition of "confidential" information. *See Pinilla v. Northwings Accessories Corp.*, 2007 WL 2826096 (S.D. Fla. 2007). In *Pinilla*, this Court ordered that "confidential" information may constitute or contain: "trade secret", "proprietary business information", "employee personnel-related records", "personnel policies, practices, procedures", "sales, marketing . . . and financial information", and "information of a highly sensitive nature that is not otherwise available to the public, the disclosure of which may detrimentally impact [a company's] business operations or jeopardize privacy interests of any of their current former officers, directors and/or employees". 2007 WL 2826096 at *1. Disclosure of confidential information might be harmful when it allows a competitor to "reverse-engineer" a process or strategy and thereby gain an unfair competitive advantage. *Mobile Shelter Systems US Inc., v. Gate Pallet Solutions, LLC.*, 2011 WL 5357843 at *3 (M.D. Fla. 2011). Such disclosure might also be harmful when it concerns private matters about employment discipline, productivity, income, and related details that may embarrass and cause economic and emotional harm to the non-party employees. *See Maxwell*, 2006 WL 1627020 at *2 (M.D. Fla. 2006); *Moss v. GEICO Indemnity Co.*, 2012 WL 682450 at *5 (M.D. Fla. 2012). Where protection is sought against public disclosure of confidential documents, the court must balance the respective competing interest involved. *Chicago Tribune*, 263 F. 3d at 1313. The policy in favor of the public right to access is not furthered when the public interest in the sealed records is minimal. *Mobile Shelter Systems US Inc.*, 2011 WL 5357843 at *3 (M.D. Fla. 2011).

-3-

In the instant matter, GEICO's claims manuals were produced under a confidentiality agreement and subsequently were sealed by this Court until conclusion of the case. The documents contain proprietary business information, the disclosure of which may detrimentally impact GEICO's business operations or jeopardize GEICO's privacy interests.  In accordance with the terms of the Confidentiality Agreement which the parties have agreed upon, GEICO moves this Court to place Exhibit "A" of Plaintiffs' Response in Opposition to GEICO's First and Second Motion in limine [Doc. 91-1 and 92-1; 139 and 140-1] under permanent seal. Alternatively, GEICO requests that this Court either destroy the aforementioned documents or return them to undersigned counsel.

**WHEREFORE, GEICO INDEMNITY COMPANY**, respectfully requests that this Court enter an order granting GEICO's Motion to Seal Documents, and grant any further relief that this Court deems necessary and just.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), Counsel for GEICO conferred with Counsel for Plaintiffs via email on December 7, 2016, in a good faith attempt to resolve the issues raised in this Motion. Counsel for Plaintiffs indicated that GEICO may represent that the Motion is unopposed.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to

receive electronically Notices of Electronic Filing

 S/DEREK L. VELIZ
**B. RICHARD YOUNG**
Florida Bar No.: 442682
ryoung@flalawyer.net
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@flalawyer.net
**MICHEL A. MORGAN**
Florida Bar No. 102764
mmorgan@flalawyer.net
**DEREK L. VELIZ**
Florida Bar No.: 113431
dveliz@flalawyer.net
Young, Bill, Boles, Palmer & Duke, P.A.
One Biscayne Tower, Suite 3195
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
Attorneys for GEICO Indemnity Co.

<u>**SERVICE LIST**</u>
**AIMEE LEMOINE and JOSE RAUL CORDOVA, as Assignees of MARK GLASSMAN,
Administrator Ad Litem for the Estate of Mervle Plant v. GEICO INDEMNITY
COMPANY
Case No.: 9:14-cv-80694-WJZ
United States District Court, Southern District of Florida**

**RICHARD M. BENRUBI, ESQ.**
The Barristers Bldg., Suite 3-B
1615 Forum Place
West Palm Beach, FL 33401
rbenrubi@liggiolaw.com
creyes@liggiolaw.com
*Via CM/ECF Notice of Electronic Filing*

**JEFFREY M. LIGGIO, ESQ.**
Liggio Law, P.A.
The Barristers Bldg., Suite 3-B
1615 Forum Place
West Palm Beach, FL 33401
emailservice@liggiolaw.com
jliggio@liggiolaw.com
*Via CM/ECF Notice of Electronic Filing*